IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA KLINGER | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  05-CV-5312 |
| VERIZON COMMUNICATIONS, | : | |
| INC., ET AL. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                    MARCH 14, 2007

_____This is a dispute concerning whether denial of long-term disability benefits to a claimant

with Chronic Fatigue Syndrome ("CFS") was arbitrary and capricious under an insurance plan

governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et

seq*.  The parties have submitted cross motions for summary judgment and the Court held oral

argument.  The Court grants plaintiff's motion for the reasons that follow.

FACTS

Plaintiff worked for Verizon in various capacities from August 1986 until February 2001.

In February 2001, plaintiff alleges that she became disabled with what was subsequently

diagnosed as CFS.  Plaintiff collected short term disability benefits under defendant's ERISA

plan ("the plan") until February 22, 2002, when plaintiff alleges she became eligible for long

term disability ("LTD") benefits.  Pursuant to the plan, participants may receive LTD benefits

after receiving one year of short term benefits and showing that either (1) they are disabled such

that they cannot work in any occupation for which they are qualified; or (2) they are only able to

work in a job that pays less than half of the pay rate they received prior to the onset of disability.

The plan further provides that after six months of disability, participants must apply for Social Security disability benefits.  Plaintiff applied for Social Security benefits, and was approved to receive the same in November 2001.

Defendant has vested discretionary authority to administer plan claims and benefits to MetLife Insurance Company.  In February 2002, Dr. Susan Levine, plaintiff's treating, diagnosing, and primary care physician, sent a letter to MetLife stating that it was her medical opinion that plaintiff suffered from CFS, and recommending the provision of disability benefits for an indefinite period.  Dr. Levine has treated CFS since 1993, and assisted the state of New Jersey in authoring a manual outlining treatment options for patients with CFS.

In March 2002, MetLife denied plaintiff benefits because of insufficient documentation of disability based on a review of records by Dr. Mark Moyer, an independent physician consultant, who concluded that the CFS diagnosis was unsupported by objective evidence.  He noted that plaintiff submitted no "Functional Capacity Evaluation," and no specific tests of stamina or metabolism, such as a treadmill stress test or bicycle ergometry.  Dr. Moyer also cited an absence of neurological testing to rule out depression.

Plaintiff appealed MetLife's finding, and Dr. Levine sent another letter in April 2002, stating that a diagnosis of CFS in the absence of objective findings was appropriate by the terms of the clinical definition of CFS, which provides that CFS often fails to manifest in the form of objective symptoms.  After a second review of plaintiff's records, Dr. Chih-Hao Chou, another MetLife independent physician consultant, found that, while he agreed with Dr. Levine's diagnosis of CFS and felt that plaintiff was receiving appropriate medical treatment given her condition, plaintiff was not entitled to LTD because Dr. Levine's finding of disability was not

-2-

supported by objective evidence.  He further noted that it would be reasonable to perform a

psychiatric evaluation to exclude the possibility of depression or other psychiatric problems, as

well as a neurological test to assess cognitive disability.  Dr. Chou found that plaintiff could be

expected to function at least at a light level of activity.  The parties agree that neither Dr. Moyer

nor Dr. Chou physically examined plaintiff.

<u>STANDARDS OF REVIEW</u>

Summary judgment should be granted to the moving party if the record, including

pleadings, depositions, affidavits, and answers to interrogatories demonstrates "that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. Proc. 56(c).  In making that determination, the "evidence of the non-

movant is to be believed, and all justifiable inferences are to be drawn in his favor."  <u>Anderson v.

Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).   The question is whether "the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law."  <u>Id.</u> at 251-52.  <u>See</u> <u>also</u> <u>Sommer v. The Vanguard Group</u>, 461

F.3d 397, 403-04 (3d Cir. 2006).

A court must ask whether an ERISA plan administrator's decision was arbitrary and

capricious when the plan grants the administrator broad authority to determine all questions

arising in administration of the plan.  <u>See</u> <u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433, 438 (3d

Cir. 1997).  Under this standard, the Court may overturn the administrator's decision only if it is

"without reason or unsupported by the evidence or erroneous as a matter of law."  <u>Abnathya v.

Hoffman-LaRoche, Inc.</u>, 2 F.3d 40, 45 (3d Cir. 1993) (internal citations omitted).

<u>ANALYSIS</u>

<u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433 (3d Cir. 1997), controls this case.  The

facts of <u>Mitchell</u> are nearly identical to those of the present dispute.  The <u>Mitchell</u> plaintiff

suffered from CFS, MetLife was the plan administrator, the plaintiff provided multiple letters

from a treating physician familiar with CFS, the Social Security Administration granted plaintiff

disability benefits, and the plaintiff appealed his initial denial of benefits.  <u>See id.</u> at 435-41.  The

Third Circuit affirmed the district court's grant of summary judgment to plaintiff in <u>Mitchell</u>,

holding that it was arbitrary and capricious for a plan administrator to require plaintiff to provide

"'objective medical evidence' that he was unable to engage in any substantial gainful work."  <u>Id.</u>

at 442.[1]

Defendants attempt to distinguish <u>Mitchell</u> by making a distinction between objective

evidence of a CFS *diagnosis* and objective evidence of CFS *symptoms*.  This attempt fails

because <u>Mitchell</u> considered and rejected the diagnosis/symptoms distinction.  Discussing the

administrator's possible reasons for denying benefits, the <u>Mitchell</u> court stated that:

> [t]he Administrator may have meant that Mitchell had tendered
> insufficient evidence to persuade the Administrator that Mitchell
> experienced chronic and unpredictable fatigue and loss of
> concentration *or that he experienced those symptoms to a sufficient*
> *extent to foreclose his holding down paid employment*.  If that was the
> Administrator's meaning, his denial of benefits on that ground was
> arbitrary and capricious.

<u>Id.</u> (emphasis supplied).  In other words, if the <u>Mitchell</u> plan administrator required

objective evidence of "the extent to which" plaintiff experienced his symptoms, that requirement

_____

[1] The District Court reviewed the administrator's decision *de novo*, and although the Third Circuit found
that the arbitrary and capricious standard was the appropriate level of review, it nonetheless held "that the
Administrator's decision should be overturned even under that deferential standard."  <u>Id.</u>

was arbitrary and capricious.  Id.

The cases defendants cite are also factually distinguishable.  Defendants rely primarily on

Nichols v. Verizon Communications, Inc., 78 Fed. Appx. 209 (3d Cir. 2003) (unreported

opinion), for the proposition that requiring objective evidence of symptoms is not arbitrary and

capricious.  See id. at 212.  The facts of Nichols are different in two ways.  First, the plan

administrator conducted an independent medical exam.  Id. at 210-11.  By conducting an IME,

the Nichols defendants avoided the uncomfortable argument defendants make that the

administrator reasonably gave greater weight to the opinions of physicians who have not

physically examined the plaintiff than to those physicians who did.  Second, the Nichols court

saw fit to mention that, "at least as important" as other factors in denying plaintiff's claim, was

that "Nichols had continued for 25 years to smoke a pack of cigarettes a day, despite the fact that

she had been diagnosed with allergies and various respiratory problems."  Id. at 212, n.2.  There

is no evidence in the record that the plaintiff in this matter engaged in any similar conduct against

the advice of her physicians.

Defendants also rely on Hoover v. Metropolitan Life Ins. Co., 2006 WL 343223 (E.D. Pa.

Feb. 14, 2006), a case that drew on Nichols's diagnosis/symptoms distinction in upholding the

denial of benefits to a lupus claimant.  Id. at *8-9.  When the plan administrator – also MetLife –

terminated plaintiff's benefits in Hoover, it noted that she "was not under the regular care of an

appropriate, licensed health care provider," and that "her physical limitations had lessened" to the

point where she "was able to perform myriad 'daily living' tasks...including laundry, vacuuming,

dusting, walking, reading, and watching television."  Id. at *6.  The record in this case indicates

no such improvement in plaintiff's condition.

Beyond being factually distinguishable, <u>Nichols</u> and <u>Hoover</u> are unbinding on this Court because they are not reported cases.  Third Circuit Internal Operating Procedure 5.7 provides that unreported opinions are not to be treated as precedential, and the Third Circuit has reiterated as much in the case law.  <u>See</u>, <u>e.g.</u>, <u>Obale v. Att'y Gen. of the United States</u>, 453 F.3d 151, 156 n.4 (3d Cir. 2006).  Although it is true that the Court may find the facts and analysis of similar unreported decisions persuasive,[2] it is unnecessary to look to unreported opinions in this matter because <u>Mitchell</u> is reported Third Circuit authority controlling this dispute.

An appropriate order accompanies this Memorandum Opinion.

---

[2] <u>See</u>, <u>e.g.</u>, <u>United States v. Thornton</u>, 306 F.3d 1355, 1358 n.1 (3d Cir. 2002) (citing four unpublished, non-precedential opinions from other circuits as persuasive authority).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERESA KLINGER                          :
                        Plaintiff       :    CIVIL ACTION
                                        :
            vs.                         :
                                        :    NO.  05-CV-5312
VERIZON COMMUNICATIONS,                 :
INC., ET AL.                            :
                                        :
                        Defendants      :

**<u>ORDER</u>**

AND NOW, this 14th day of March, 2007, it is hereby ORDERED that:

1.      Defendants' Motion for Summary Judgment (Document No. 16) is DENIED.

2.      Plaintiff's Motion for Summary Judgment is (Document No. 15) is GRANTED.

3.      Plaintiff shall have twenty days from the date of this order to file a motion with

the Court to determine the amount of past benefits due, prejudgment interest, attorney's fees, and

costs.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J